UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANN MILLER,

      Plaintiff,

v.                                  Case No.  5:11-cv-124-Oc-TBS

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____

ORDER

This case comes before the Court without oral argument on Plaintiff's Petition for an Award of Attorney's Fees & Expenses Under the Equal Access to Justice Act 28 U.S.C. § 2412(d) and Supporting Affidavit.  (Doc. 22).  The Commissioner of Social Security has filed a response in opposition to the petition.  (Doc. 24).

I.    Background

Plaintiff protectively filed an application for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income on October 29, 2007.  (Doc. 10).  She attributed her disability to fibromyalgia, mental impairments and back impairments. Her application was denied initially and upon reconsideration.  (Id.)  Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"), who determined that she has the following severe impairments: fibromyalgia, Raynaud's syndrome, history of irritable bowel syndrome, colitis, generalized anxiety disorder, panic disorder without agoraphobia, personality disorder, myofascal pain disorder, migraines, cervical spondylosis and early degenerative disc disease at the C 5-6 level.  (Doc. 5-2).  Despite these impairments, the ALJ concluded that Plaintiff had the

residual functional capacity to perform light work, subject to the limitations in his

decision and that jobs Plaintiff is capable of performing existed in significant numbers

in the national economy.  (Id.)  Accordingly, the ALJ held that Plaintiff was not

disabled.  (Id.)  Plaintiff appealed to the Appeals Council which denied her request for

review.  (Doc. 10).  Having exhausted her administrative remedies, Plaintiff timely

instituted this action.  (Doc. 1).  The parties consented to have this case referred to

the Magistrate Judge and on June 20, 2011, the District Judge entered his Order

referring the case to the Magistrate to conduct all proceedings and enter final

judgment in accordance with 28 U.S.C. § 636(c) and FED. R. CIV. P. 73.  (Doc. 8).

The parties briefed the issues and on February 22, 2012, the Court heard oral

argument from counsel.  (Doc. 19). After considering the merits of the parties'

positions, the Court ruled for Plaintiff.  (Doc. 20).  In reaching its decision, the Court

found that the ALJ had failed to sufficiently discuss Plaintiff's self-reports of pain and

had failed to sufficiently explain why Plaintiff's reports were not credible to the extent

they were inconsistent with the ALJ's determination of Plaintiff's residual functional

capacity.  (Id.)  While observing that it was a close question, the Court also held that

the vocational expert's testimony was ambiguous and thus, did not constitute

substantial evidence to support the ALJ's decision.  (Id.)  Accordingly, the Court

reversed the Commissioner's decision pursuant to sentence four of 42 U.S.C. §

406(b) and remanded the case for the ALJ to properly consider the impact of

fibromyalgia and myofascial pain disorder on Plaintiff's ability to work and to obtain

new vocational expert testimony to determine whether there is other work in the national economy which Plaintiff can perform.  (Id.)

Plaintiff timely filed this motion under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) seeking an award of $6,955.47 in attorney's fees and $371.28 in expenses.  (Doc. 22 at 6).  These amounts are itemized, supported by counsel's affidavit testimony, and in the case of fees, confirmed by time records.  (Id. at 8).  In addition, Plaintiff has provided affidavit testimony that her net worth is less than two million dollars.  (Id. at 9).  The Commissioner has filed an opposing  memorandum arguing that Plaintiff should not recover attorney's fees because the Commissioner's position was substantially justified.  (Doc. 24).  The Commissioner also argues that Plaintiff has incorrectly labeled cost items as expenses, and that any award should be paid to Plaintiff, not her lawyer.  (Id.)  Although Plaintiff's motion says she has filed a copy of her fee agreement in which she has expressly assigned all of her rights to EAJA fees to her lawyer, the Court file does not contain a copy of the agreement or assignment.  The Commissioner has not contested the reasonableness of the amounts Plaintiff is seeking.  (Doc. 24).

II.      Framework for Analysis

The EAJA provides that "a court shall award to a prevailing party other than the United States" reasonable attorney's fees and costs "incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C.

§ 2412(d)(1)(A).  The prerequisites to an award of fees under the EAJA are: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.  28 U.S.C. § 2412(d).

This Court's Order reversing the ALJ's decision constituted a final order for purposes of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 296 (1993).  "In sentence four cases, the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable . . ."  Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991) (citing 28 U.S.C. § 2412(d)(2)(G)).

The word "substantially," as used in the EAJA means: "'justified in substance or in the main'–that is, justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 (1988).  In Pierce, the Supreme Court explained that "a position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."  Id. n. 2.

The phrase "position of the United States" includes the Commissioner's position in the underlying administrative proceedings as well as his position in this litigation.  Stratton v. Bowen, 827 F.2d 1447, 1449 n.2, (11th Cir. 1987); Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988).  "The government's success or failure

-4-

on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue." , 851 F.2d at 1267. If the Court finds that some, but not all of the Commissioner's positions were substantially justified then the Commissioner "may be required to pay EAJA fees to a prevailing party for the award on any claim that was not substantially justified." United States v. Jones,125 F.3d 1418, 1427 (11th Cir. 1997). However, when the plaintiff's claims are based upon a single set of facts and the issues are intertwined, then plaintiff may recover fees for counsel's work on the entire case. Id.; (citing Haitian Refugee Center v. Meese, 791 F.2d 1489, 1500 (11th Cir. 1986)).

The burden is on the Commissioner to show by a preponderance of the evidence that his position was substantially justified. White v. United States, 740 F.2d 836, 839 (11th Cir. 1984); Sierra Club v. Secretary of the Army, 820 F.2d 513, 517 (1st Cir. 1987); Price v. Sullivan, M.D., 756 F. Supp. 400, 402 (E.D. Wis. 1991). To carry his burden, the Commissioner must establish: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory alleged." Price, 756 F. Supp. at 403. "In determining whether the government's position is substantially justified the court must review the underlying government conduct and the totality of the circumstances before and during the litigation." Faulkner v. Bowen, 673 F. Supp. 1549, 1550 (D.Or. 1987).

This Court's decision on the merits does not create a presumption that the Commissioner's position was not substantially justified. White, 740 F.2d at 839. In

Taylor v. Heckler, 835 F.2d 1037, 1044 (3d Cir. 1987) the court said "we believe that Congress has left the door open to the possibility that the government could demonstrate that a denial of disability benefits that flunked substantial evidence review was nonetheless substantially justified." And, as the court observed in Evans v. Sullivan, 928 F.2d 109, 110 (4th Cir. 1991) "[i]t would be a war with life's realities to reason that the position of every loser in a lawsuit upon final conclusion was unjustified." It is the Court's reasoning underlying its decision to reject the Commissioner's position that matters most in determining whether the Commissioner's position was substantially justified. United States v. Paisley, 957 F.2d 1161, 1167 (4th Cir. 1992).

III.     Discussion

The Plaintiff prevailed in this case and the Commissioner has not alleged any special circumstances that would preclude her recovery of attorney's fees and costs. The issue is whether the Commissioner's position was substantially justified. The most significant error which the ALJ made in failing to properly adjudicate this case was in failing to sufficiently articulate his reasons for discrediting the Plaintiff's testimony concerning the pain and fatigue she experiences due to her fibromyalgia and myofascial disorder. Where the credibility of a claimant's subjective complaints is key to the ALJ's decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995). This Court rejected the Commissioner's argument that the diagnostic test results together with the clinical findings and

effectiveness of Plaintiff's treatment contained in the record are sufficient to support and defend the ALJ's decision on this point. The ALJ's ultimate conclusion that Plaintiff's complaints were not credible to the extent they were inconsistent with the ALJ's determination of Plaintiff's residual functional capacity may have been correct but due to the inadequacy of the ALJ's analysis, the Court did not have the information it needed to make an informed review. Consequently, reversal and remand was required. For this reason, the Commissioner should not have relied upon the ALJ's decision and the Commissioner's position in this Court was not substantially justified.

Plaintiff seeks to recover as "expenses" this Court's filing fee, the cost for filing her Complaint by certified mail, and the amount she paid to serve two summonses. (Doc. 22). Costs and expenses are treated differently under the EAJA and are paid out of separate funds. See, 28 U.S.C. § 2412(a)(1) (costs) and (d)(1)(A) (expenses). Costs are paid "by the Secretary of the Treasury after certification by the Attorney General." 28 U.S.C. § 2414 as referenced in 28 U.S.C. § 2412(c)(1). Expenses are paid from agency funds. Walker v. Astrue, No. 5:07cv275/RS/ENT, 2010 WL 2572519, at *1 (N.D. Fla. June 1, 2010). A filing fee is a cost item. 28 U.S.C. § 1920. United States v. Adkinson, 256 F. Supp. 2d 1297, 1319 (N.D. Fla. 2003) (if an item is listed in 28 U.S.C. § 1920 as a cost, it is not allowable as an expense under 28 U.S.C. § 2412(d)(1)(A)). Clerk and Marshall fees are also costs under 28 U.S.C. § 1920. Accordingly, what Plaintiff labels as "expenses" will be awarded as "costs" of this action.

The Commissioner objects to Plaintiff's request that any fees she is awarded under the EAJA be paid directly to her attorney.  In <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010), the Supreme Court held that an award of EAJA fees belongs to the plaintiff, not the plaintiff's attorney, and is therefore, subject to offset to satisfy any pre-existing debt owed by the plaintiff to the government.  The <u>Ratliff</u> court implicitly approved the Commissioner's practice of issuing payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to such fees to the attorney.  <u>Id.</u> at 2529.  Because the Plaintiff has not filed an assignment of her recovery under the EAJA to her attorney and the Commissioner has given notice that he will not waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727(b), the award shall be paid to Plaintiff.

Now, pursuant to the EAJA, Plaintiff's Petition for an Award of Attorney's Fees & Expenses Under the Equal Access to Justice Act 28 U.S.C. § 2412 and Supporting Affidavit (Doc. 22) is GRANTED.  Plaintiff is awarded attorney's fees in the amount of $6,955.47.  Plaintiff is also awarded costs in the amount of $371.28 payable out of the judgment fund administered by the United States Department of the Treasury. Payment shall be made to Plaintiff; not her lawyer, if the Commissioner determines Plaintiff does not owe a debt to the government.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on November 1, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel